## In re WINCHESTER REPEATING ARMS CO.

### Patent Appeal No. 3273.

Court of Customs and Patent Appeals.

April 2, 1934.

Pennie, Davis, Marvin & Edmonds, of New York City (Arba B. Marvin, of New York City, and Clarence M. Fisher, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents, affirming a decision of the Examiner of Trade-Marks, denying registration of the mark applied for by appellant.

Appellant's application states that, "The trade mark consists of a gold-colored shift button in the trigger of a gun."

Appellant manufactures a type of shotgun which is described in its brief as follows: " * * * It is a double barrel shot-gun with but a single trigger which is used to fire both barrels. The trigger is provided with a small button which extends transversely therethrough and which may be shifted to either the right or the left. The position of the shift button determines whether the trigger, when pulled, will operate the firing pin for the right or left barrel. * * * "

It is appellant's contention that, in order readily to distinguish this gun from guns having a different origin, it gold-plates the end of this shift button and, to quote from its brief: " * * * It is this gold-colored shift button which makes a gold-colored circular area in the trigger of the gun upon which appellant is seeking registration."

The Commissioner in his decision stated that: " * * * The gold color applied to the shift button has a utilitarian function in that it enables the user to more quickly locate and distinguish the position of the button. It is thought the view of the examiner that the color of the button does not function as a trade-mark is sound. It is believed the applicant should not be granted an exclusive right, to the extent the registration of a trademark constitutes an exclusive right, to the use of a shift button of this particular color."

Appellant's counsel do not deny that, if the color applied by appellant to the shift button has a utilitarian function, registration was properly denied; but they contend that it has no such function. They state that in shooting at moving objects the position of the shift pin is determined by the sense of touch and not by the sense of sight. While this is true after the gun is put to the shoulder, it is also true that it is very desirable for the gunner to know in advance for which barrel the trigger is set, and the gold color upon the shift button, as used by appellant, enables the gunner readily to determine this by visual inspection of said button. When set for one barrel, the button projects from one side of the trigger; when set for the other barrel, it projects from the other side thereof. The color is therefore an important element in determining for which barrel the trigger is set.

As we are clear that the mark as applied for by appellant has a utilitarian function, it is not registerable as a trade-mark. Goodyear Tire & Rubber Co. v. Robertson (C. C. A.) 25 F.(2d) 833; In re Walker-Gordon Laboratory Co., 53 F.(2d) 548, 19 C. C. P. A. 749.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

HATFIELD, J., did not participate.